LAW OFFICES

# TABAK, MELLUSI & SHISHA LLP

29 BROADWAY
NEW YORK, NEW YORK 10006

TEL (212) 962-1590
TEL (800) 280-1590
FAX (212) 385-0920

RALPH J. MELLUSI
JACOB SHISHA*
*ALSO ADMITTED IN
NEW JERSEY AND
LOUISIANA

OF COUNSEL
SHELDON TABAK
STEPHEN B. ROBERTS

August 3, 2009

**Via ECF**
Honorable Viktor V. Pohorelsky
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York

Re:   Terry Allen Cooley v. Sealift, Inc.
      CV 08-2110 (RRM)(VV)
      Vessel MV ASCENSION
      Date of Death: December 5, 2005
      Our File#: S2354.07

Dear Judge Pohorelsky:

We represent plaintiff in the above captioned.

As you may recall, plaintiff is seeking to take the deposition of a non-party witness in the Caribbean. The parties have stipulated to the issuance of an order granting Letters Rogatory to take this deposition. We enclose the stipulation and proposed Order for this relief and hope the Court will sign the Order.

We thank the Court for its consideration, and remain

Respectfully yours,

Tabak, Mellusi & Shisha LLP

*Jacob Shisha*

Jacob Shisha

Cc: Hill, Betts & Nash via ecf filing

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
KATHLEEN M. COOLEY, Individually and,
As Administrator of the
TERRY ALLEN COOLEY;

    Plaintiff,

 -against-                                              **STIPULATION**

SEALIFT, INC. and SAGAMOR,                     08 Civ. 2110 (RRM) (VVP)
SHIPPING, LLC,

    Defendants.
-----------------------------------------------------------x

**Whereas**, the plaintiff in the above-entitled action seeks to recover for damages for personal injury and wrongful death aboard the defendants vessel, and,

**Whereas**, plaintiff is of the belief that a witness who has knowledge of the availability of rescue helicopters, is residing in Martinique a Department of France and

**Whereas**, plaintiff alleges justice cannot completely be done between the said parties without the testimony of said witness, and

**Whereas**, plaintiff considers it necessary that an open commission be issued to compel the attendance of such witness and the giving of his oral testimony.

It is now therefore agreed and stipulated by and between the parties through their respective attorneys of record that an open commission may be issued by this Court to Jacob Shisha for the purpose of orally examining such witness as either party may name, subpoena or produce for such purposes, and

It is further agreed and stipulated that any and all objections which any party may have to the admissibility of any of the evidence taken, with the exception of relevancy, shall be

reduced to writing and served upon opposing attorney within fifteen (15) days after receipt of copies of said deposition. The purpose of this provision and one of the reasons for the following provision is to allow any party to take additional depositions for the purpose of curing said objections.

It is further agreed and stipulated that the open commission not be closed and returned to this Court until the undersigned attorneys or their correspondents agree by written stipulation that the said open commission be closed, or until the District Court of the United States for the Eastern District of New York requests that said open commission be closed and returned, which request shall be made upon application by any party showing just cause therefor.

It is further agreed and stipulated that neither party shall take the deposition of any witness without first serving notice in writing upon opposing counsel not less than fifteen (15) days prior to the date fixed for the taking of said deposition, said notice to include the name, address and employment of the witness, together with a general statement of the scope of the subject matter of his expected testimony. The scope of direct examination or cross-examination of any witness shall not be limited to the subject matter set out in said notice, but in the event opposing counsel claims examination is beyond the scope of the subject matter set out in said notice and claims such at the time of the taking of the deposition, the cross-examination of said witnesses may be continued for a reasonable time to allow counsel to prepare for further cross-examination, and,

It is further requested that the annexed Order or a similar such Order be signed by the Court.

Dated:     New York, New York
           August 3, 2009


_____          _____
JACOB SHISHA (5452)                  GORDON ARNOTT (8612)
TABAK, MELLUSI & SHISHA LLP,         HILL, BETTS & NASH
29 Broadway, Suite 2311              200 Liberty Street, 26th fl.
New York, New York   10006           New York, New York 10281

UNITED STATES DISTRICT COURTJJJ
EASTERN DISTRICT OF NEW YORK
----------------------------X
KATHLEEN M. COOLEY, Individually and,
As the Administrators of the Estate of
TERRY ALLEN COOLEY,

        Plaintiff,                         **ORDER**

   - against -                       FOR OPEN COMMISSION

SEALIFT, INC. and SAGAMORE,      08 Civ. 2110 (RRM)(VVP)
SHIPPING, LLC.,

        Defendants.
----------------------------X

      On stipulation of all parties, it is

      Ordered that an open commission issue out of this Court in this cause directed to Jacob Shisha, or suitable person appointed by him to examine orally in this suit, Mr. Laurent of the French Maritime Rescue Coordination Center (MRCC), a witness for the plaintiff at Fort de France, Martinique, France at the offices of the

      United States Consular Agency c/o Hotel Valmeniere, 615 Avenue des Arawaks 97200, Fort de France, Martinique or at the office of MMRC in Fort de France, Martinique at 10 AM on October 20, 2009or such other time as may be convenient; it is further

      Ordered, that such examination be in the usual manner of taking depositions by direct, cross, redirect and recross examination by counsel and, if necessary through a duly appointed interpreter to be appointed by the parties; that the testimony given by the witness under such commission shall be recorded in shorthand or by some other recognized fashion, and thereafter typewritten or printed, and shall be transmitted by mail to the Clerk of this Court, 500 Pearl St., New York, New York, 10007, USA; and all testimony taken

under said commission shall be subject to all legal objections on the trial, except as to the form of the questions, and it is further

Ordered the witness produce if permissible under the laws of France the documents requested by the plaintiff.

Dated: Brooklyn, New York
       August    , 2009

      S O  O R D E R E D

_____
UNITED STATES MAGISTRATE JUDGE

2